Andrias and DeGrasse, JJ.,
dissent in a memorandum by Andrias, J., as follows: We reversed the order denying defendant Smith’s motion for summary judgment dismissing the complaint on the ground that New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal (see Doerr v Goldsmith, 105 AD3d 534 [1st Dept 2013]). Rather, the sole viable claim is for strict liability, and here there is no evidence that defendant had knowledge that her dog had a propensity to interfere with traffic (see Petrone v Fernandez, 12 NY3d 546, 550 [2009]; Bard v Jahnke, 6 NY3d 592, 599 [2006]).
Plaintiff moved for reargument or leave to appeal to the Court of Appeals on the ground that, subsequent to our decision, the Court of Appeals changed the law in Hastings v Sauve (21 NY3d 122 [2013]). The majority, upon the grant of reargument, would recall our prior order and affirm the order denying defendant Smith’s motion for summary judgment. Because I believe that our original determination was in all respects correct, and that plaintiff has not demonstrated that we overlooked or misapprehended any applicable fact or principle of law, or that there had been a change in the law that is applicable to this case, re-argument should not have been granted. Accordingly, I dissent.
In Hastings, the plaintiff was injured when the van she was driving hit a cow on a public road. There was evidence that the *456 fence separating the defendant’s property from the roadway was in disrepair. The Court of Appeals held “that a landowner or the owner of an animal may be liable under ordinary tort-law principles when a farm animal — i.e., a domestic animal as that term is defined in Agriculture and Markets Law § 108 (7) — is negligently allowed to stray from the property on which the animal is kept. We do not consider whether the same rule applies to dogs, cats or other household pets; that question must await a different case” (21 NY3d at 125-126).
By this language, the Court of Appeals limited its decision to farm animals and made clear that until such time as it addresses the issue, the strict liability rule still applies to cases involving household pets. Accordingly, this Court should adhere to the established rule that New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a pet dog.
I do believe that leave to appeal to the Court of Appeals should have been granted to determine whether it will extend the Hastings rule and depart from the strict liability rule where an accident may be deemed to have been caused by some direct action of a dog’s owner rather the dog’s natural propensities. However, and more to the point, I do not deem it appropriate for us to presume that the Court of Appeals will do so under the circumstances before us, given that this case does not involve a failure to keep a farm animal within “the property where it was kept” (id. at 125) or a failure to make sure that an animal was not in an area where it was not legally permitted to be. While cows may be expected to be kept on the farm, the Court of Appeals has thus far declined to impose liability where an owner permits a dog to be unleashed in a public place based on a theory of common-law negligence.
The Decision and Order of this Court entered herein on April 16, 2013 (105 AD3d 534 [2013]) is hereby recalled and vacated (see 2013 NY Slip Op 87042[U] [2013] [decided simultaneously herewith]).